UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

**DONALD BOLSTRIDGE,**

Debtor.

Chapter 13
Case No. 20-20279

### TRUSTEE'S MOTION TO DISMISS CASE

NOW COMES Andrew M. Dudley, Chapter 13 Trustee, and hereby moves to dismiss the above-captioned Chapter 13 case. In support of his Motion, the Trustee states:

1. The petition in this case was filed on July 17, 2020. The Chapter 13 plan was filed on July 24, 2020 (docket #10) and is unconfirmed.

2. Debtor also filed a petition under Chapter 7 on January 8, 2020, Case No. 20-20008. Nathaniel R. Hull was appointed as trustee. A discharge order was entered in that case on June 1, 2020. However, the case has not been completed and closed, as there are assets of the Chapter 7 estate which are being administered by the Chapter 7 Trustee as noted in Item nos. 33 and 34 of Debtor's Schedule A/B filed in this case (docket #1, pages 17-18).

3. Debtor's §341(a) Meeting of Creditors was originally scheduled for August 20, 2020. The Meeting was continued to September 3, 2020. At the continued hearing, counsel for Debtor advised the Chapter 13 Trustee that certain assets listed on Schedules A/B were in fact still assets of the Chapter 7 estate.

4. Because Debtor obtained a Chapter 7 discharge within four years of filing this Chapter 13 proceeding, he is not eligible for a discharge in the present case. 11 U.S.C. §1328(f)(1).

5. While there is no specific ban on concurrent cases in the Bankruptcy Code, generally, a debtor cannot have two active cases at same time. *In re Chain,* 558 B.R. 750, 753 (Bankr. W.D. Pa. 2016). In addition, the "Single Estate Rule" prohibits concurrent cases on the basis that the "filing of simultaneous petitions is 'contrary to the obvious contemplated function of the Bankruptcy Code to resolve a debtor's financial affairs by administration of a debtor's property as a single estate under a single chapter within the code.' " *Turner v. Citizens Nat'l Bank of Hammond (In re Turner),* 207 B.R. 373, 378 (2d Cir. BAP 1997) (*quoting In re Kosenka,* 104 B.R. 40, 46 (Bankr.N.D.Ind.1989). *Accord Bateman v. Grover (In re Berg),* 45 B.R. 899, 903 (9th Cir. BAP 1984) ("[P]roperty cannot be an assets of both estates simultaneously."); The filing of multiple petitions is not bad faith *per se. See Downey Sav. & Loan Ass'n v. Metz (Matter of Metz),* 820 F.2d 1495, 1497 (9th Cir.1987); *In re Cushman,* 217 B.R. 470, 476 (Bankr.E.D.Va.1998). However, a debtor's second bankruptcy petition must "not materially hinder the efficient administration of the debtor's estate .... [and must be] filed in good faith and without an intent to abuse the bankruptcy process." *Transamerica Credit Corp. v. Bullock (In re Bullock),* 206 B.R. 389, 393 (Bankr.E.D.Va.1997).

6. In Debtor's active Chapter 7 case, a number of creditors filed and have been granted relief from the automatic stay prior to the filing of this Chapter 13 case. See docket nos. 34 & 41 (Citigroup Mortgage Loan Trust/US Bank NA), 44 and 51 (Ford Motor Credit), 45 and 50 (ACAR Leasing/GM Financial Leasing). These creditors appear to be treated in Debtor's Chapter 13 plan, despite the lifting of the automatic stay in the Chapter 7 case.

7. Debtor is attempting to treat debts that could still be addressed in the Chapter 7 case, as there are assets of the Chapter 7 case still to be administered by the Chapter 7 Trustee (which would also be assets of the Chapter 13 estate pursuant to 11 U.S.C. §541). Because property cannot be an

asset of both bankruptcy estates and because the continuation of this Chapter 13 case will materially hinder the Chapter 7 case (and vice versa), this Chapter 13 must be dismissed.

WHEREFORE, the Trustee requests that the above Chapter 13 case be dismissed or that the Court issue such other orders as may be appropriate.

Dated: September 9, 2020                    Respectfully Submitted:


                                            /s/Andrew M. Dudley
                                            ANDREW M. DUDLEY, Trustee
                                            PO Box 429
                                            Brunswick, Maine 04011-0429
                                            (207) 725-1300

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

**DONALD BOLSTRIDGE,**

Debtor.

Chapter 13
Case No. 20-20279

## NOTICE OF HEARING - RESPONSE REQUIRED

The Chapter 13 Trustee has filed a **MOTION TO DISMISS CASE** with the United States Bankruptcy Court. A copy of the motion is enclosed with or attached to this notice.

**YOUR RIGHTS MAY BE AFFECTED. You should read these papers carefully and discuss them with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

If you do not agree with the Trustee or if you want the Court to consider your views, you or your attorney must file a written response on or before **September 29, 2020**, setting forth your position and the action you wish the Court to take. The original should be filed with the **United States Bankruptcy Court, 537 Congress Street, 2nd Floor, Portland ME 04101**. If you mail your response to the Court for filing, you must mail it early enough so the Court will *receive* it by the date stated above. You must also mail a copy to the Chapter 13 Trustee at the address listed below, and any other parties in interest whose names and addresses appear on the certificate of service.

**The United States Bankruptcy Court will conduct a TELEPHONIC hearing on the Motion to Dismiss on October 6, 2020 at 10:00 a.m. In-person appearances are generally not allowed at this time due to restrictions related to COVID-19. Those wishing to participate in the hearing are required to register with CourtCall at 1-866-582-6878, no later than 3:00 p.m. the date prior to the hearing.**

If you or your attorney do not file a written response, the Court may decide that you do not oppose the Trustee's position and may enter an order granting the relief sought.

Dated: September 9, 2020

*/s/ Andrew M. Dudley*
ANDREW M. DUDLEY, Trustee
PO Box 429
Brunswick, Maine  04011-0429
(207) 725-1300

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

**DONALD BOLSTRIDGE,**

Debtor.

Chapter 13
Case No. 20-20279

## CERTIFICATE OF SERVICE FOR ELECTRONIC CASE FILING

I, **Andrew M. Dudley,** hereby certify that I caused a true and correct copy of the following document(s) to be served today on the parties listed below as follows:

**Document(s) Served:**
1. Motion to Dismiss;
2. Notice of Hearing; and
3. Proposed order.

**Service electronically via the Court's ECF system to**:
J. Scott Logan, Esq., Attorney for Debtor
Stephen Morrell, Esq., Assistant U.S. Trustee
*All other parties listed on N.E.F. as being served electronically.*

Service by U.S. first class mail, postage prepaid, to:
DONALD BOLSTRIDGE
169 YORK WOODS RD
SOUTH BERWICK ME 03908
Debtor

Date:   September 9, 2020           */s/ Andrew M. Dudley*
                                    ANDREW M. DUDLEY, Trustee
                                    PO Box 429
                                    Brunswick, Maine 04011-0429
                                    (207) 725-1300