UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In Re: ) | |
| ) | |
| DONALD BOLSTRIDGE, ) | Chapter 13 |
| ) | Case No. 20-20279 |
| ) | |
| Debtor ) | |

DEBTOR'S RESPONSE TO TRUSTEE MOTION TO DISMISS AND COURT'S MINUTE ENTRY

NOW Comes the Debtor, Donald Bolstridge, and respectfully responds to the Trustee's Motion to Dismiss appearing at Docket Number 36 and to this Court's Minute Entry appearing at Docket Number 43 as follows:

1. Debtor admits the allegations contained in Paragraph 1 of the Trustee's Motion.

2. Debtor admits the allegations contained in Paragraph 2 of the Trustee's Motion.

3. Debtor admits the allegations contained in Paragraph 3 of the Trustee's Motion.

4. Debtor admits the allegations contained in Paragraph 4 of the Trustee's Motion.

5. Debtor admits the allegations contained in Paragraph 5 of the Trustee's Motion to the extent that it reflects one line of reasoning. However, it does not reflect the line of reasoning espoused by Judge Feeney of the Massachusetts Bankruptcy Court in In re Hodurski. See 153 BR 353 (Bankr. D. Mass. 1993). Answering further, while the Trustee correctly notes that the "Single Estate Rule" prohibits property from being assets of both bankruptcy estates simultaneously, that "Rule" is not contained in the Bankruptcy Code. Instead, the prevailing line of reasoning is that the second case cannot materially hinder the efficient administration of the Debtor's estate. See In re Bullock, 260 BR 389 (Bankr. ED Va. 1997). Thus, were the Chapter 7 Trustee administering the house whose defaulted mortgage Debtor intends to reinstate and cure in 13 or were the 7 Trustee selling the vehicles or lawn mower Debtor seeks to cramdown and retain, his Chapter 13 case would materially hinder the Chapter 7 liquidation. However, where, as here, the Chapter 7 Trustee is focused on administering only an unrelated cause of action that is not addressed directly in the plan, the new case does not impede the Chapter 7. In fact, that 7 Trustee's administration of an asset operates exactly like a contingent fee agreement with any other lawyer involving liens against the proceeds. Thus, the Chapter 13 does not hinder the 7 administration and the 7 need not hinder the 13.

6. Debtor admits the allegations contained in Paragraph 6 of the Trustee's Motion. Answering further, this is not a case of a debtor filing a chapter 13 case to impede the secured creditors' abilities to exercise their state law rights. Instead, consented relief

entered as to two creditors only after discussions were had as to Debtor's intention to refile and with the Creditors' knowledge, if not outright support for the proposition. Attached hereto are email communications between Debtor's Counsel and the counsel for the mortgage lender and for Ford and GM evidencing the full disclosure of Debtor's intention to file a 13 before consenting to relief in the 7. It is noteworthy that neither creditor has joined the motion to dismiss.

7. Qualified. Answering further, the only debts in the Chapter 13 are those that were not discharged in the Chapter 7. Only the nondischargeable income and other tax debt could be addressed by the Chapter 7 liquidation of a cause of action. To the extent the Chapter 7 Trustee is able to pay them, they will not need to be paid in Chapter 13. This treatment is no different than any other asset encumbered by a lien that is liquidated during a Chapter 13. Lienholders are typically paid directly, outside the plan, at closing. Similarly, if the Chapter 7 Trustee makes a substantial recovery, the tax authorities will be paid in that case, resulting in lower claims in the Chapter 13 case. Because Debtor discharged all other obligations, his Chapter 13 will be a 100% case and claim reduction will lower the total plan payments. However, the cause of action is not "property of both estates." It is property of the Chapter 7 estate for which Debtor claimed no exemption and Debtor will not acquire it unless the Chapter 7 Trustee abandons it, like any other postpetition asset.

**DEBTOR'S ARGUMENT IN FAVOR OF SIMULTANEOUS CASES**

At the September 16, 2020 hearing on Plan confirmation, this Court expressed reluctance to find Debtor's plan capable of confirmation in light of the precedent established by Freshman v Atkins, 291 US 121 (US 1915), and In re Chain, 558 BR 750 (WD PA 2016). However, both cases are easily distinguishable from the case at hand.

The Freshman v. Atkins case holds that, as a general rule, the law will not tolerate two suits at the same time for the same cause of action. Id. In that case, a Debtor sought a bankruptcy discharge that was not granted, then filed a second case seeking discharge of the same debts. Thus, that Debtor impermissibly had two proceedings at the same time seeking discharge of the same obligations. See also In re Grimes, 117 BR 531 (9th Cir. 1990). Here, the Debtor received his Chapter 7 discharge on June 1, 2020. He then filed the Chapter 13 case on July 17, 2020, some 47 days after his prior discharge entered. As a consequence, the second case is not discharge eligible, and therefore does not seek to discharge the same debts, but only to reinstate obligations and address nondischargeable tax debts.

The Chain decision out of Western Pennsylvania discourages a Debtor maintaining two active cases, especially when the second case was filed for the purpose of saving assets from administration by a Chapter 7 Trustee. See In re Chain, 558 BR 750. However, not all courts have followed the maxim that a debtor cannot maintain cases strictly. Instead, three distinct interpretations have arisen. Under the first, strict interpretation, referred to by the Chain Court as the "majority" rule, a Debtor cannot maintain both a Chapter 7 and a Chapter 13 case at the same time, regardless of status of discharge and regardless of his motives. See In re Fulks, 93 BR 274. (Bankr. MD Fla 1988). The second line of cases limits the Freshman holding to cases in which the same debts are sought to be discharged. See In re Strause, 97 BR 22 (Bankr. SD Cal. 1989). Under the third interpretation, a Debtor may file a chapter only after discharge of his Chapter 7 case, but it can be filed before the 7 is closed. See In re Saylor, 869 F.2d 1434 (11th Cir.

1989). These courts look to Debtor's good faith in filing the 13 and whether it is just to frustrate secured creditors in the Chapter 7. See In re Strause, 97 BR at 30. The basis for this line of reasoning is that a per se prohibition on filing a 13 while the 7 is pending post discharge would be "contrary to the rehabilitive purpose of 13 and would collide with the congressional purpose in promoting Chapter 13 cases." In re Saylor, 869 F.2d 1434. The Supreme Court has noted that Congress did not intend to foreclose the possibility of Chapter 13 reorganization to a debtor who previously filed for Chapter 7 relief. See Johnson v. Home State Bank, 111 S. Ct. 2150, 2156 (1991). In Hodurski, the eminent Judge Feeney looked to whether the Debtor was trying to reorganize and reinstate his mortgage or just delay a foreclosure. See 156 BR 153. The Court acknowledged that it was acceptable and even laudable in some instances to use chapter 13 to affect liens that survive a prior chapter 7 discharge. Id.

Here, The Debtor's counsel discussed his plans with both the mortgage lender and lender of the two vehicles he seeks to retain before relief entered. Moreover, he has coordinated with secured lenders to file consent motions as to property he does not seek to retain. This Debtor has always intended to reorganize and address the debts on property he intends to retain. He anticipates sale or refinance of the residence will ultimately be necessary to pay the tax obligations in full through his plan. He intends to cramdown two vehicles, a trailer and a mower, but will ensure those creditors receive more than they would in liquidation. In fact, neither the vehicle lender nor the mortgage lender has sought relief or joined the Trustee's Motion, because they have been aware of Debtor's goals and do not oppose them. This Debtor would have filed a Chapter 13 had he been eligible or a Subchapter V had the relief been available at the time he needed to file his first case. Chapter 11 would have been inordinately expensive. Now Debtor seeks to reorganize, reinstate and cure his mortgage to maximize the value available for the tax authorities, retain vehicles and pay his nondischargeable taxes. It is exactly this good faith reason for filing a second case that the Hodurski Court protected even though it found that evidence lacking in the facts before it. See 156 BR 353.

This protection is especially important here because administration of the cause of action in a manner to maximize recovery for unsecured creditors is likely to take in excess of a year. While Debtor has a seven figure claim, it is against a major bottled water seller that is sure to engage in extensive litigation. Debtor should not lose his home, vehicles and other assets because he cannot reorganize until the litigation is resolved. Denying him a good faith pure motivated reorganization under Chapter 13 merely because a single asset has not been administered in his Chapter 7 case would frustrate both the purpose of the Bankruptcy Code and the goals of BAPCPA.

WHEREFORE, Debtor respectfully requests this Court Deny the relief sought by the Chapter 13 Trustee, together with such other relief it deems just and necessary.

Date: September 29, 2020                     /s/ J. Scott Logan
                                             J. Scott Logan, Esq.
                                             Counsel for Debtors
                                             75 Pearl Street, Ste. 211
                                             Portland, Maine 04101

                                             (207) 699-1314

## CERTIFICATE OF SERVICE

I, J. Scott Logan, Esq., do hereby certify that I am over eighteen years old and I have September 29, 2020 caused a true and correct copy of Response to be served on the parties at the addresses set forth on the Service List attached hereto via either electronically or via first class U.S. Mail, postage prepaid.

Notice will be electronically mailed to:

U.S. Trustee's Office
Andrew Dudley, Esq., Esq., Chapter 13 Trustee
All parties who requested notice via ECF

By: /s/ J. Scott Logan
J. Scott Logan, Esq.
Counsel for Debtors
75 Pearl Street, Ste. 211
Portland, Maine 04101
(207) 699-1314